O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In the Disciplinary Matter of<br>RICHARD ISAAC FINE<br><br>California State Bar No.: 55259<br><br>_____ | Case No. MC-09-00129 ABC<br><br>ORDER DENYING MOTION TO RECUSE THE HONORABLE OTIS T. WRIGHT, II |

On July 27, 2009, the Honorable Audrey B. Collins, Chief Judge, ordered disbarment of Richard Isaac Fine from practice before this Court, following his disbarment by the State Bar of California on March 13, 2009.[1]  On or about August 18, 2009, Fine moved to recuse Judge Collins on the grounds that her husband is Dental Director of the Los Angeles County Department of Health Services.  According to Fine, Dr. Collins' employment by the County of Los Angeles requires that Judge Collins be

---

[1] In the Disciplinary Matter of Richard Isaac Fine, No. MC-09-129 ABC (C.D. Cal. July 27, 2009); see also In the Matter of Richard Isaac Fine, 04-O-14366 (Review Dept. 2008).

recused.

Thereafter this matter was randomly reassigned to the Honorable Otis T. Wright, II, to decide the recusal motion. On August 27, 2009, Judge Wright issued an order denying the motion to recuse Judge Collins. On September 3, 2009, Fine moved to recuse Judge Wright for failure to disclose that he was formerly a Los Angeles Superior Court Judge.

Thereafter the motion to recuse Judge Wright was randomly assigned to this Court.[2]

The claimed basis for the recusal of Judge Wright is that Counts 16, 17, 18, 20, 21 and 22 of his disbarment case relate to Fine's challenge to payments made by Los Angeles County to Los Angeles County Superior Court judges, and that Judge Wright has been immunized retroactively from criminal prosecution, civil liability and disciplinary action by Calif. Gov. Code §§ 68220 et seq., enacted on February 20, 2009, in response to Sturgeon v. County of Los Angeles, 167 Cal. App. 4th 630 (2008), which held such payments by the County to be violative of Article VI, § 19 of the California Constitution.

28 U.S.C. § 455(a), relied upon by Fine, provides as follows:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In this case, it is clear that Fine did not serve as counsel of record in the Sturgeon case. Nor is there any showing that he was otherwise involved in that case. The mere fact that Fine may have argued that judges received impermissible payments in his state disbarment proceeding does not create an appearance of impartiality. Judge Wright left the Superior Court to join this Court on April 16, 2007, more than year prior to the

---

[2] This Court has previously presided over a case in which Fine was counsel for plaintiff, Paeco Corp. v. World Savings Bank FSB, Case No. 07-02831-CAS(AGR).

decision in Sturgeon. Further, nothing contained in the opinion and order disbarring Fine, filed on September 19, 2008, supports Fine's assertion that Counts 16, 17, 18, 20, 21 and 22 relate to any challenge of payments made by Los Angeles County to its Superior Court Judges. Because Fine had no involvement in Sturgeon, it is likewise irrelevant that Judge Wright may have been immunized by the enactment of Government Code § 68222. For these reasons the motion to recuse Judge Wright is DENIED.

IT IS SO ORDERED.

Dated: September 15, 2009

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE